***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who was thirty-four years old at the time of the deputy commissioner's hearing, has been incarcerated and in the custody of the Department of Correction for approximately five years due to a conviction for assault with a deadly weapon inflicting serious bodily injury. Plaintiff filed this claim against defendant and testified regarding events allegedly occurring on May 26 and 27, 1999 at Central Prison.
2. On May 26, 1999 plaintiff was moved to a cell in segregation. Apparently another inmate transported plaintiff's personal property during the transfer. Plaintiff has indicated that the inmate, who was walking behind him, pushed the bag along the floor of a tunnel and the bag caught his heel so that he fell. Plaintiff was taken to medical and then released to go back to segregation.
3. Although plaintiff's testimony was generally not credible, no other evidence was offered regarding what happened on that date. In any event, there was no evidence that prison officers or employees breached their duty of care to plaintiff.
4. On May 27, 1999 plaintiff filed a complaint at the prison stating there were roaches in his cell. Consequently, officers came to remove him from the cell while it was being sprayed with roach poison. Over his objections he was handcuffed behind his back and was placed in shackles. He has alleged that the restraints immediately caused him to be in such severe pain that he could not climb some steps and that, when forced to climb the steps, he fell and the officers started stomping on him, hitting his head against the steps and floor, and twisting his wrists.
5. Plaintiff's testimony has not been found to be credible. He was "running his mouth" according to a nearby inmate and apparently was doing what he could to make the officers' tasks difficult and to create a disturbance on the cellblock. In fact, plaintiff fell on purpose, which further established that his shoulder and back were not bothering him as he had told the officers. After he fell, plaintiff refused to get up and it was necessary for the officers to use some force to get plaintiff on his feet and moving in the right direction. However, the force used was not inappropriate for the circumstances. Plaintiff's allegation that the officers "stomped" on his legs and hit his head against the floor was not credible. In any event, such conduct would be intentional acts and not negligent acts.
6. Plaintiff did not prove that any of the named officers breached their duty of care to him on this occasion. The officers acted as reasonably prudent people under the circumstances. Furthermore, no medical evidence was offered which showed that plaintiff sustained any damages from the incident in question.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes the following:
 CONCLUSION OF LAW
Plaintiff has not proven that he was injured as the result of any negligence on the part of any named state employees on May 26 and 27, 1999. Therefore plaintiff's claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et. seq.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission affirms the Order of the Deputy Commissioner and enters the following:
 ORDER
1. IT IS HEREBY ORDERED THAT plaintiff's action is DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This the 14th day of October 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER